ERVIN, Judge.
In this workers’ compensation action the employer/carrier has raised five issues on appeal, all of which we consider unavailing. However, we agree with claimant Hatch-ett’s contention on cross-appeal that the deputy commissioner erroneously apportioned death benefits awarded to her as compensation for her husband’s fatal heart attack.
There was ample evidence for the deputy to find that the deceased’s heart attack was causally connected with his pre-existing epileptic condition which had been aggravated by an industrial accident on June 16, 1978. Moreover, there was medical evidence suggesting multiple contributing causes to claimant’s death, the most important of which was arteriosclerosis. Thus, the deputy found that “a combination of the Claimant’s aggravated pre-existing seizure condition and his non-work related hypertensive cardio-vascular problem, as shown in the autopsy findings, together equally contributed to the claimant’s death on June 30, 1979.” On that basis the deputy apportioned 50% of the death benefits to the cardiovascular disease.
However, as the claimant correctly points out, there was no medical or other evidence indicating a percentage breakdown for each of the suggested possible causes of death. No apportionment may be made without evidence as to a percentage of disability caused by the natural progression of the pre-existing condition. Russell House Movers, Inc. v. Nolin, 210 So.2d 859 (Fla.1968);. Cover v. T G & Y. Store No. 1331, no. SS-342 (Fla. 1st DCA, January 20, 1981) [1981 FLW 261]. Likewise, we feel that in the death benefit context that apportionment is not proper unless there is evidence as to the percentage that the preexisting condition contributed to death.
Affirmed in part and reversed in part and remanded for the deputy to amend his order to award the entire amount of death benefits without apportionment.
BOOTH and JOANOS, JJ., concur.